UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 00-239 (ADM)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KORTNEY LAMONT POWELL,<br><br>Defendant. | GOVERNMENT'S RESPONSE TO DEFENDANT KORTNEY LAMONT POWELL'S MOTION TO WITHDRAW GUILTY PLEA |

The United States of America, by and through its attorneys Rachel K. Paulose, United States Attorney for the District of Minnesota, and Erica H. MacDonald, Assistant United States Attorney, hereby submits the Government's Response to Defendant Kortney Lamont Powell's Motion To Withdraw Guilty Plea.

**FACTS**

On November 2, 2000, defendant Kortney Lamont Powell pled guilty to three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and § 2113(d). (PSR at F.1.) On February 13, 2001, this Court sentenced Powell to a 121-month term of imprisonment.

Powell appealed. On March 30, 2002, the Eighth Circuit affirmed this Court's judgment. United States v. Powell, 283 F.3d 946 (8th Cir. 2002). On October 7, 2002, the Supreme Court denied Powell's petition for writ of certiorari. Powell v. United States, 537 U.S. 868 (2002).

On October 24, 2006, defendant filed the instant motion. For the following reasons, his motion should be denied.

## ARGUMENT

By way of his motion, Powell attempts to withdraw his guilty plea. This Court should deny Powell's motion because (1) pursuant to Rule 11(e), it is too late for him to withdraw his guilty plea because sentence has been imposed; (2) it is too late for him to file a § 2255 motion because more than one year has elapsed since his conviction became final; and (3) the motion lacks any merit. Each of these arguments is addressed in turn.

### 1. PURSUANT TO RULE 11(e), IT IS TOO LATE FOR POWELL TO WITHDRAW HIS GUILTY PLEA BECAUSE SENTENCE HAS BEEN IMPOSED.

Rule 11(e) of the Federal Rules of Criminal Procedure provides:

> (e) Finality of a Guilty or Nolo Contendere Plea. After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

Fed. R. Crim. P. 11(e). "The provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." Rule 11(e) Advisory Committee Notes, 2002 Amendments.

In this case, it has been years since this Court imposed sentence, the sentence was affirmed by the Eighth Circuit, and the Supreme Court declined to review the case. Accordingly, it is far too late for Powell to withdraw his guilty plea.

**2. EVEN IF POWELL'S MOTION IS CONSTRUED AS A MOTION UNDER 28 U.S.C. § 2255, SUCH A MOTION IS TIME-BARRED.**

Rule 11(e) provides that the guilty plea may only be set aside on direct appeal or by way of a collateral attack. Powell has already pursued his direct appeal; thus, the only method by which he can have his guilty plea set aside is by way of a collateral attack pursuant to 28 U.S.C. § 2255.

Powell has failed to comply with the one-year time limit for filing a § 2255 motion. In pertinent part, § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. See Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999).[1]

[1] The procedural changes of the AEDPA were upheld by the Supreme Court in Felker v. Turpin, 518 U.S. 651 (1996).

In this case, the latest triggering event occurred when the judgment of conviction became final in 2002. Thus, Powell had up until one year after that triggering event to file his § 2255 motion. Powell filed this untimely motion on October 24, 2006, approximately three years too late. Powell's motion is therefore untimely under § 2255. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) ("district court correctly dismissed Lurie's § 2255 motion as being beyond the one-year statute of limitations . . . of 28 U.S.C. § 2255 as amended by the [AEDPA]").

Moreover, no alternative triggering events apply in this case. Powell has made no allegation which would fall within one of the alternative triggering events. He has neither demonstrated nor alleged that there were extraordinary circumstances preventing his filing a timely motion and that he otherwise moved diligently to pursue the § 2255 motion. Thus, he cannot justify an equitable tolling of the limitations period. See United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005) (holding that equitable tolling is appropriate where "extraordinary circumstances" beyond a prisoner's control prevented a timely filing of a Section 2255 motion, so long as "the petitioner or movant has demonstrated diligence in pursuing the matter"). Accordingly, the one-year period in which Powell could have filed a § 2255 motion following his conviction becoming final has long since expired.

**3. POWELL'S MOTION SHOULD BE DENIED ON THE MERITS.**

Essentially, Powell is arguing that his guilty plea should be set aside because his constitutional rights were violated. Specifically, he believes that he was denied his constitutional right to effective assistance of counsel and that his conviction violates the constitutional prohibition against double jeopardy. The arguments are without merit.

Section 2113(a) makes it illegal to commit the crime of bank robbery. 18 U.S.C. § 2113(a). Section 2113(d) is an aggravated form of bank robbery which provides for a higher statutory maximum. Bank robbery is a lesser included offense of the crime of aggravated bank robbery. Powell pled guilty to and was convicted of aggravated bank robbery.

Powell has not, and cannot, establish that his counsel was constitutionally ineffective for permitting him to plead guilty to aggravated bank robbery. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Likewise, nothing about his plea to aggravated bank robbery violates the Double Jeopardy Clause. Accordingly, his motion fails on its merits.

Dated: November 1, 2006

Respectfully Submitted,

RACHEL K. PAULOSE
United States Attorney

s/Erica H. MacDonald
ERICA H. MACDONALD
Assistant U.S. Attorney