UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Kortney Lamont Powell,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 00-239 ADM/AJB

---

Erica H. MacDonald, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Kortney Lamont Powell, *pro se*.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Kortney Lamont Powell's Motion to Withdraw Plea Agreement [Docket No. 91]. For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

On November 2, 2000, Powell pled guilty to three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and § 2113(d). Plea Agreement [Docket No. 42]; see also Am. Plea Agreement [Docket No. 46]. On February 13, 2001, this Court sentenced Powell to 121 months of imprisonment. Am. Dist. Ct. J. [Docket No. 51]. On March 20, 2002, the Eighth Circuit affirmed this Court's Judgment. Eighth Circuit J. [Docket No. 56]. On October 7, 2002, the Supreme Court denied Powell's petition for writ of certiorari. Powell v. United States, 537 U.S. 868 (2002).

### III. DISCUSSION

Rule 11(e) of the Federal Rules of Criminal Procedure states, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . . and the plea may be set aside only on direct appeal or collateral attack."  Powell was sentenced over five years ago, so he can not withdraw his guilty plea.  Because Powell's conviction was affirmed on appeal, his plea can be set aside only on collateral attack.  As a federal prisoner, Powell can maintain such a collateral attack only by filing a motion under 28 U.S.C. § 2255.  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  This Court therefore construes Powell's Motion as a § 2255 motion.  Construed as such, however, Powell's Motion is untimely because it was filed well beyond the one-year statute of limitations period for filing a § 2255 motion.  28 U.S.C. § 2255.  In Powell's case, the limitation period began to run when his conviction became final in 2002 when the Supreme Court denied certiorari.  Thus, Powell's Motion, filed on October 24, 2006, is denied as untimely.

Alternatively, Powell's Motion is denied on the merits.  Powell argues he "has been convicted of both Armed Bank Robbery and [Bank] Robbery . . . for which sentence should be vacated in light of 'Double Jeopardy.'" Mem. of Law in Supp. of Mot. to Withdraw Plea Agreement [Docket No. 92].  Both Powell's plea agreement and this Court's Judgment and Commitment, however, reflect that Powell was convicted and sentenced only for armed bank robbery.  Powell was neither convicted nor sentenced for the lesser included offense of bank robbery.  Thus, United States v. McDonald, 981 F. Supp. 942, 943 (D. Md. 1997), where a federal prisoner had been illegally convicted and sentenced for both bank robbery and armed bank robbery based on the same criminal transaction, is factually inapposite because Powell was

convicted only of armed bank robbery. Powell's sentence was legal, and his conviction raises no double jeopardy issues. Additionally, Powell has demonstrated no basis for his argument that his counsel was constitutionally ineffective.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Plea Agreement [Docket No. 91] is **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 6, 2006.